**E-FILED on** 3/31/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL EWERT,<br><br>    Plaintiff,<br><br>    v.<br><br>EBAY, INC., DOES 1 to 100, inclusive,<br><br>    Defendants. | No. C-07-02198 RMW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>**[Re Docket No. 19]** |

Defendant eBay, Inc. ("eBay") moves to dismiss the first through third causes of action set forth in plaintiff Michael Ewert's first amended complaint ("FAC"). The court grants the motion.

Plaintiff Michael Ewert purchased "auction" services from eBay on January 6 and January 14, 2007. FAC ¶ 16. Ewert utilized eBay's "Online Auction Format," which utilizes a form that purports to allow an eBay user to select a fixed duration for the auction of 1, 3, 5, 7 or 10 days and to permit the user to have the auction begin when the form is submitted. *Id.* ¶¶ 2, 20. Ewert selected 5 days for both of his January 2007 auctions and specified that they were to begin when submitted. According to Ewert, neither auction began when submitted nor did either auction last for the 5 days specified. *Id.* ¶ 16. He claims that his experience is not unique among eBay users.

Ewert filed a proposed class action complaint on April 20, 2007 and subsequently filed his FAC on July 18, 2007. His FAC asserts that eBay's practices violate (1) the California Auction Act

("Auction Act"), Cal. Civ. Code § 1812.601 *et seq.*; (2) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (3) the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; and (4) Cal. Civ. Code §§ 1709, 1710 and 1572. Ewert's FAC also sets forth a claim for unjust enrichment and a common law claim for money had and received. eBay asserts by its current motion that the first through third claims alleging violations of the Auction Act fail to state a claim. eBay also objects to the use of the alleged violations as predicate acts for liability under the UCL.

eBay was previously sued in this district in an essentially identical suit, *Butler v. eBay Inc.*,[1] action no. 06-02704 JW. There, the court granted a motion to dismiss and held that the Auction Act does not apply to eBay's conduct as a matter of law. The *Butler* court's rationale was that eBay is neither an "auctioneer" nor an "auction company" as defined by the Auction Act. This court agrees.

Plaintiff's attempt to place eBay's conduct within the scope of the Auction Act is like trying to put a round peg in a square hole. The Auction Act was enacted before Internet "auctions" like eBay's and other similar business platforms were in vogue. A review of the Auction Act reveals a number of reasons why it does not apply here:

(1) the history of the Auction Act suggests it was designed to protect customers of auction houses from unscrupulous auctioneers absconding with goods entrusted to them and to protect bidders from misrepresentations of the value of goods being auctioned. Under the e-Bay business model, eBay never takes possession of goods being sold and never makes representations as to value;

(2) eBay is not an "auctioneer" as defined by the Act as it is not an "individual";

---

[1] As an initial matter, plaintiff contends that it is inappropriate for the court to grant eBay's request that the court take judicial notice of documents in the *Butler* matter. eBay asked the court to take judicial notice of the complaint, the 12/12/06 Order and the parties' stipulation of dismissal and order thereon. RJN at 3; Decl. Heather Meservy Supp. RJN, Exs. K-L. As the court only considers *Butler* to the extent that the reasoning of the opinion is persuasive, there is no need to request judicial notice of this opinion. Although the dismissal in *Butler* states that the order holding that "eBay is not bound, encompassed, or otherwise governed by the California Auction Act" is "binding legal precedent," this court does not consider it as such and expressly rejects any notion that it is. Nevertheless, this court agrees with *Butler's* analysis that the Auction Act is not applicable to eBay's "auction" activity.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS—No. C-07-02198 RMW
MAG                              2

      (3) eBay does not conduct "auctions" within the meaning of the Auction Act because the sale does not culminate by acceptance by the auctioneer of the highest offer but rather at the expiration of the fixed period designated by the seller[2];

      (4) eBay does not conduct "auctions" within the meaning of the Auction Act because there is no auctioneer who makes a series of invitations for offers;

      (5) eBay is not an "Auction Company" because it does not make "auction sales"; and

      (6) provisions of the Auction Act negate any suggestion that it applies to eBay because application of those provisions would be nonsensical (e.g., requirement of the posting of an 18 x 24 inch sign at the entrance to the auction).

      Plaintiff pleads in the alternative that even assuming that eBay is not itself an auctioneer or an auction company pursuant to the definitions set forth in the Auction Act, it nevertheless aids and abets eBay customers in conducting auctions and is therefore liable under § 1812.608(b) of the Auction Act. This section provides that it is a violation of the Auction Act "for any person to . . . (b) Aid or abet the activity of any other person that violates any provision of this title. A violation of this subdivision is a misdemeanor subject to a fine of one thousand dollars ($1,000)."

      To violate the Auction Act, an eBay customer would have to be engaging in or involved with an auction as defined by the Act. The complaint alleges that eBay serves as the platform through which auctions are conducted. As alleged, an eBay customer does not accept the final offer to purchase, rather the eBay system stops the bidding at the time designated by the eBay customer (or stops the bidding before the designated time as alleged by the plaintiff). FAC ¶ 16. As set forth in § 1812.601(b), an auction "must culminate in the acceptance by the auctioneer of the highest or most favorable offer made by a member of the participating audience," thus because eBay's system effectively stops the exchanges and the court has determined that eBay is not an auctioneer, an eBay customer's use of the eBay site to list goods for sale is not an auction under the Auction Act.

---

[2] The court acknowledges that the highest bid within the time of the auction is accepted. However, what is determined to be the highest bid is based upon expiration of a time limit, not on the cessation of bids from potential buyers.

### III.  ORDER

For the foregoing reasons, the court grants eBay's motion to dismiss plaintiff's first through third claims with prejudice.

DATED: 3/31/08

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Charles Stewart Bishop | cbishop@connbish.com |
| Patricia Ann Carlson | pcarltex@sbcglobal.net |
| John R. Fabry | jfabry@williamskherkher.com |

**Counsel for Defendants:**

| | |
|---|---|
| Heather Coe Meservy | hmeservy@cooley.com |
| Lori Renee Ellis Ploeger | lploeger@cooley.com |
| Michael Graham Rhodes | rhodesmg@cooley.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 3/31/08

/s/ MAG
**Chambers of Judge Whyte**