1    John R. Fabry, TSB No. 06768480
2    (*entered Pro Hac Vice*)
     jfabry@galyen.com
3    BAILEY & GALYEN
     18333 Egret Bay Blvd., Suite 120
4    Houston, TX 77058
     Telephone 281.335.7744
5    Facsimile 281.335.5871

6
     Charles S. Bishop, CSB No. 99335
7    cbishop@connbish.com
     CONNOR & BISHOP
8    120 Montgomery Street, Suite 1350
9    San Francisco, CA 94104
     Telephone 415.434.3006
10   Facsimile 415.434.1445

11
     Patricia Carlson, TSB No. 00798094
12   (*entered Pro Hac Vice*)
     pcarltex@sbcglobal.net
13   CARLSON LAW OFFICE
14   3242 Monarch
     San Antonio, TX 78259
15   Telephone 210.289.4252
     Facsimile 210.545.7607
16

17   **ATTORNEYS FOR PLAINTIFFS**

18              **UNITED STATES DISTRICT COURT**

19            **NORTHERN DISTRICT OF CALIFORNIA**

20                  **SAN JOSE DIVISION**
21                      – o0o –

22   MICHAEL EWERT, Individually and on Behalf      **No. 07-CV-2198 RMW**
     of All Others Similarly Situated,              **PLAINTIFF'S SUPPORTING**
23                                                  **MEMORANDUM OF POINTS AND**
                                                    **AUTHORITIES REGARDING MOTION**
24                      Plaintiff,                  **TO CERTIFY PROPOSED CLASS**
                                                    **PURSUANT TO FED.R.CIV.P. 23(b)(2);**
25   vs.                                            **CAL. BUS. AND PROF. CODE § 17203**

26

27          PLAINTIFF'S SUPPORTING MEMORANDUM OF POINTS
         AND AUTHORITIES REGARDING MOTION TO CERTIFY PROPOSED CLASS
28   Ewert v. eBay, Inc., et al.                          USDC Case #07-CV-2198 RMW

EBAY, INC., DOES 1 to 100, inclusive.

Defendant.

**AND CODE OF CIVIL PROCEDURE §
382**

**HEARING DATE:**

**TIME:**

# TABLE OF CONTENTS

**Page**

I.      DEFINITION OF THE PROPOSED CLASS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     THE PROPOSED CLASS MEETS EACH OF THE
        PREREQUISITES FOR CERTIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.    WHY THE PROPOSED CLASS MEETS THE GOVERNING
        CRITERIA OF THE CLASS ACTION RULE(S) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.     THE CLASS IS SO NUMEROUS MAKING JOINDER IMPRACTICABLE  . . . . . . . 6

V.      COMMON QUESTIONS OF LAW OR FACT: BPC § 17203 (Cal),
        CCP 382 (Cal), FRCP 23(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

VI.     TYPICALITY RULE 23(a)(3) FED.R.CIV.P. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

VII.    ADEQUACY RULE 23(a)(4) FED.R.CIV.P. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

VIII.   COMMON QUESTIONS PREDOMINATE RULE 23(b)(3) FED.R.CIV.P. . . . . . . . . 16

IX.     SUPERIORITY AND MANAGEABILITY RULE 23(b)(3) FED.R.CIV.P.  . . . . . . . . 17

X.      CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

-i-

# <u>TABLE OF AUTHORITIES</u>

## <u>CASES</u>

*Allison v. Citgo Petroleum Corp.*
   151 F.3d 402 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Amchem Products, Inc. v. Windsor*
   521 U.S. 591 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11, 15

Armstrong v. Chicago Park Dist.
   117 F.R.D. 623 (N.D.Ill 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Armstrong v. Davis*
   275 F.3d 849 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Arnold v. United Artists Theatre Circuit, Inc.*
   158 F.R.D. 439 (N.D. Cal 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Baffa v. Donaldson, Lufkin & Jenrette Corp.*
   222 F.3d 52 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Barnes v. American Tobacco Co.*
   161 F.3d 127 (3rd Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Califano v. Yamasaki*
   442 U.S. 682 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Chancey v. May*
   24 Eng. Rep. 268 (Ch. 1722) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*City of San Jose v. Superior Court*
   12 Cal. 3d 447 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Cumberland Farms, Inc. v. Browning-Ferris Industries, Inc.*
   120 F.R.D. 642 (E.D.Pa.,1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Daar v. Yellow Cab*
   67 Cal. 2d 695 (1967) [63 Cal. Rptr. 724] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Diaz v. Hillsborough County Hosp. Auth.*
   165 F.R.D. 689 (M.D. Fla. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*East Texas Motor Freight v. Rodriguez*
  431 U.S. 395, 403 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14

*Eisen v. Carlisle & Jacquelin*
  417 U.S. 156 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Erie R.R. v. Tompkins*
  304 U.S. 64 (1938) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Esler v. Northrop Corp.*
  86 F.R.D. 20, 37 (W.D.Mo. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Folding Cartons, Inc. v. American Can Co.*
  79 F.R.D. 698 (N.D.Ill. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Friedman v. Louisiana – Pacific Corp.*
  922 F.Supp. 377 (D.Oregon 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*General Telephone Co. of the Southwest v. Falcon*
  457 U.S. 147 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11, 13

*General Telephone Co. v. Falcon*
  457 U.S. 147 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Goodman v. Lukens Steel Co.*
  777 F.2d 113 (3rd Cir. 1985), affirmed on other grounds,
  482 U.S. 656 (1987), *cert. dismissed*, 487 U.S. 1211 (1988) . . . . . . . . . . . . . . . . . . . . 15

*Greenfield v. Villager Industries*
  483 F.2d 824 (3rd Cir. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Hanlon v. Chrysler Corp.*
  150 F.3d 1011 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 10

*Hanon v. Dataproducts*
  976 F.2d 497 (9th Cir 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Hogya v. Superior Court*
  75 Cal. App. 3d 122 (1977) [142 Cal. Rptr 325] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Ikonen v. Hartz Mountain Corp.*
  122 F.R.D. 258 (S.D.Cal. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*In re: Antibiotic Antitrust Actions*
    333 F.Supp. 278 (S.D.N.Y. 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*In re: Bristol Bay, Alaska, Salmon Fishery Antitrust Litigation*
    78 F.R.D. 622 (W.D. Wash. 1978)    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*In re: Catfish Antitrust Litigation*
    826 F.Supp. 1019 (N.D. Miss. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*In re: Cephalon Sec. Litigation*
    1998 WL 470160 at *2 (E.D.Pa. August 12, 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re: Citric Acid Antitrust Litigation*
    1996-2 CCH Trade Cas. (CCH) ¶ 71,595 (N.D.Cal. 1996) . . . . . . . . . . . . . . . . . . . . . . 7

*In re: Commercial Tissue Products*
    183 F.R.D. 589 (N.D. Fla 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*In re: Infant Formula MDL 878*
    1992 U.S. Dist Lexis 21982 (N.D. Fla, March 2, 1992) . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re: Linerboard Antitrust Litigation*
    203 F.R.D. 197 (E.D.Pa. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re: Northern Dist. Of California Dalkon Shield Products Liability Litigation*
    693 F.2d 847 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*In re: Tobacco Cases*
    46 Cal 4th 298; 207 P.3d 20 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 16, 17

*Johnson v. Shreveport Garment Co.*
    422 F.Supp. 526 (W.D.La. 1976); *aff'd per curiam*
    577 F.2d 1132 (5th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Jordan v. County of Los Angeles*
    669 F.2d 1311 (9th Cir.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

*Katz v. Comdisco, Inc.*
    177 F.R.D. 403 (N.D.Ill. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Kennedy v. Tallant*
    710 F.2d 711 (5th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Marshall v. Holiday Magic, Inc.*
  550 F.2d 1173 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Molski v. Gleich*
  318 F.3d 397 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Parker v. Time Warner Entertainment Co.*
  331 F.3d 13 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Phillips Petroleum Co. v. Shutts*
  472 U.S. 797 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 18

*Prado-Steiman v. Bush*
  221 F.3d 1266 (11th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Richmond v. Dart Industries, Inc.*
  29 Cal. 3d 482 (1981) [174 Cal. Rptr. 506] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Robinson v. Metro-North Commuter R.R. Co.*
  267 F.3d 147 (2nd Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Sav-On Drug Stores, Inc. v. Superior Court*
  34 Cal. 4th 319  (2004) [17 Cal. Rptr. 3d 906] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Smith v. Swormstedt*
  57 U.S. (16 How.) 288 (1853) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Staton v Boeing*
  327 F.3d 938 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 14

*Sullivan v. Chase Inv. Servs., Inc.*
  79 F.R.D. 246 (N.D.Cal. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Surowitz v. Hilton Hotel Corp.*
  383 U.S. 363 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Ticor Title Ins. Co. v. Brown*
  511 U.S. 117 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Transamerican Refining Corp. v. Dravo Corp.*
  130 F.R.D. 70 (S.D.Tex. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Watson v. Shell Oil Co.*
979 F.2d 1014 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 19

*Weinberger v. Thornton*
114 F.R.D. 599 (S.D. Cal. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Yokoyama v. Midland Nat'l Life Ins. Co.*,
243 F.R.D. 400, 2007 U.S. Dist. Lexis 45318 (D. Haw., 2007) . . . . . . . . . . . . . . 10, 14

## STATUTES

Public Law 109-2, 119 Stat 4, February 18, 2005 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## RULES

Business and Profession's Code § 17203 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8

California Consumer Legal Remedies Act, Civil Code § 1781 . . . . . . . . . . . . . . . . . . . . 3, 19, 20

Civil Code § 1770(a)(1)-(23) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Code of Civil Procedure § 382 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 8

Federal Rules of Civil Procedure
Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 6
Rule 23(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Rule 23(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
Rule 23(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
Rule 23(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
Rule 23(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
Rule 23(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
Rule 23(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 4, 19
Rule 23(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 16, 17

## JOURNALS AND OTHER AUTHORITIVE SOURCES

5 James Wm. Moore, et al. Moore's Federal Practice § 23.22 [1][b] (3d ed. 2004) . . . . . . . . . . 8

7 Wright, Miller & Kane, Federal Practice & Procedure § 1762 (3d ed. 1995) . . . . . . . . . . . . . 8

From Medieval Group Litigation to the Modern Class Action,"
Stephen C. Yeazell (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Geoffrey C. Hazard, *"The Effect of the Class Action Device on Substantive Law"*
　　58 F.R.D. 307 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Hombarger, State Class Action and the Federal Rule
　　71 Columbia L.Rev. 609 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Judicial Council of California, Deskbook on the Management of
　　Complex Civil Litigation (2003 § 3.71) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Kalven and Rosenfield, *The Contemporary Function of the Class Suit*
　　8 U.Chi.L.Rev. 684 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Kane, Standing, Mootness, and Federal Rule 23 – Balancing Perspectives
　　26 Buffalo L.Rev. 83 (1976-1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Newberg on Class Actions* § 3:13 4th ed. (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Newberg on Class Actions* § 6:19 4th ed. (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Reform of Class Action Litigation Procedure: Hearing on S. 3475*
　　*Before the Subcomm. On Improvements in Judicial Machinery,*
　　*Senate Comm. On the Judiciary, 95th Cong., 2d Sess. 34 (1978),* . . . . . . . . . . . . . . . . 5

The named Plaintiff, Michael Ewert, (the proposed representative party) applies to this court for its order of certification for the 23(b)(2) class proposed in his Third Amended Complaint. This case arises out of Defendant's standard business practice of representing to prospective customers that they can purchase an auction that will last a specific duration of time, and the so-called auction will start when submitted. eBay offers both "duration" and "start time" options to prospective customers in its standardized "sell your item" form. After selecting a specific duration (eg: five days), and after choosing a start time of "start listing when submitted," eBay customers such as Mr. Ewert would reasonably expect that the auction would begin when submitted and be available to bidders for five days. Auctions do not begin when submitted in that they are not available to potential bidders through eBay's search tools. If potential bidders can't find the auction, they can't bid. However, a five day auction will end exactly five days after it was submitted. Consequently, customers do not receive the full duration of time selected. eBay customers instead receive the equivalent of an electronic classified advertisement that will begin at some arbitrary time and be available to bidders for some arbitrary duration that is unknown and undefined at the time the auction is purchased. In support of this motion the following Memorandum of Points and Authorities is submitted.

## I.       Definition of the Proposed Class

All eBay customers, beginning four years prior to the date of filing suit, who used eBay's "Online Auction Format," and through eBay's "sell your item" form selected a specific time duration for the auction, and chose the "start time" option of the "start listing when submitted." Excluded from the Class are:

(a)      Defendant, eBay, and it's subsidiaries, affiliates, officers, directors, agents and employees;

(b)      any governmental entity;

(c)     any judge or judicial official assigned to this matter and his or her family members;

(d)     claims for personal injury and wrongful death; and,

(e)     any and all legal representatives of the parties and their employees.

## II.     The Proposed Class Meets Each of the Prerequisites for Certification

The plaintiff may maintain representative litigation where the court finds that:

(1)     the class is comprised of members so numerous that separate joinder of each member is impracticable;

(2)     the claims of the representative party raise questions of law or fact common to the question of each member of the class;

(3)     the claims of the representative party are typical of the claims of each member of the class; and

(4)     the representative party and his counsel can fairly and adequately represent the interests of each member of the class.

Business and Profession's Code § 17203 (BPC) and Code of Civil Procedure § 382 (CCP) and Rule 23, Federal Rules of Civil Procedure (FRCP).  These four criteria relative to Rule 23(b)(2) class action jurisprudence are commonly referred to a as numerosity, commonality, typicality, and adequacy;[1] plus two additional considerations forming the court's syllabus in similar motions; manageability and superiority.

In considering this application for class certification the court properly should note that the plaintiff need not demonstrate a probability of success on the merits at this stage of the proceedings.  Courts have consistently repeated the long standing rule that the question is not whether the plaintiff will prevail on the merits but whether the criteria of the applicable class action rule have been met.  *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 180 (1974).  Plaintiff urges this court to adopt the positive posture of the Honorable Maurice Paul in *In re: Commercial Tissue Products*, 183 F.R.D. 589 (N.D. Fla 1998): "The invitation to pre-try the

---

[1] Plaintiff seeks certification of a Rule 23(b)(2) mandatory class.  However, plaintiff offers substantiation of the 23(b)(3) criterion of "predominance" of the salient common question(s) of law or fact to demonstrate that the instant action would also warrant certification under that subdivision of Rule 23(a) as well.

case through the vehicle of [the class certification motion] must be respectfully declined….” At 592 (citing cases).

The case *sub judice* fits comfortably within section 382 of the California Code of Civil Procedure.

> [W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all

> To obtain certification under Code of Civil Procedure section 382, two primary requirements must be satisfied:
> 1. There must be an ascertainable class; and
> 2. There must be a well-defined community of interest in the questions of law or fact affecting the parties to be represented.

*Sav-On Drug Stores, Inc. v. Superior Court* (2004) 34 Cal. 4th 319 [17 Cal. Rptr. 3d 906]; *Richmond v. Dart Industries, Inc.* (1981) 29 Cal. 3d 482, 470 [174 Cal. Rptr. 506]; *Daar v. Yellow Cab* (1967) 67 Cal. 2d 695, 704 [63 Cal. Rptr. 724]; Judicial Council of California, Deskbook on the Management of Complex Civil Litigation (2003) § 3.71).[2]

Under Rule 23(b)(2), an action may be certified as a class action if it fulfills the prerequisites of Rule 23(a) as well as the requirement that “…the party opposing the class has acted…on grounds generally applicable to the class thereby making broad injunctive or declaratory relief, or both, appropriate.  Fed.R.Civ.P. 23(b)(2).  While Rule 23(b)(2) would not apply to actions in which the appropriate final relief relates exclusively or predominantly to money damages, the claim against eBay in this action is statutory and the remedy of restitution

---

[2] While the California legislature has not formally adopted Fed.R.Civ.P. 23 for other claims, the basis of this action, California Consumer Legal Remedies Act, Civil Code section 1781 incorporates much of the federal rule’s language.  Also, California courts rely on federal class action interpretations and decisions [*City of San Jose v. Superior Court* 12 Cal. 3d 447 (1974).  The legendary *Erie R.R. v. Tompkins,* 304 U.S. 64 (1938) rule teaches that this court will apply federal procedural law (Rule 23) even as it applies California substantive law in evaluating the certification criteria. This brief will offer both California and federal authority.

PLAINTIFF’S SUPPORTING MEMORANDUM OF POINTS
AND AUTHORITIES REGARDING MOTION TO CERTIFY PROPOSED CLASS

Ewert v. eBay, Inc., et al.            PAGE - 3 -            USDC Case #07-CV-2198 RMW

is equitable[3] and for restitution *vis-à-vis* damages.  In this action the amount of restitution recoverable by the proposed class is capable of computation by means of objective standards (eBay's records) and not dependent in any significant way on the intangible or subjective differences of each absent class member's circumstances.[4]

### III.    Why the Proposed Class Meets the Governing Criteria of the Class Action Rule(s)

The purpose of this class action is the collective treatment of the grievances enunciated in the Third Amended Complaint.

The collective treatment allowed by the class action procedural device is to resolve judicially this proposed class's multiple wrongs in a single proceeding.  By the adjudication of these multiple claims through a single action, eBay's wrongful conduct becomes much more significant in the aggregate than a single consumer wrong done to any individual class member. eBay is now being called to answer for its wrongful conduct in a single action, the deterrent incentive embraced by this class action is fitting and appropriate.

The use of a single action to adjudicate many small claims as a unitary claim is not new or revolutionary.  The class action as a beneficial procedural device was recognized long ago for its judicial and public value.[5]

---

[3] *Ex aequo et bono* (according to fairness and right).
[4] *See Ticor Title Ins. Co. v. Brown*, 511 U.S. 117, 121 (1994); *Molski v. Gleich*, 318 F.3d 397 (9th Cir. 2003); *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 416 (5th Cir. 1998); *Parker v. Time Warner Entertainment Co.*, 331 F.3d 13 (2d Cir. 2003) [circuit court determined that statutory damages require no individualized determination of amount recoverable and because that amount "…flow directly from a finding of liability" re: injunction and declaratory relief 23(b)(2) was an appropriate class designation].  *See also, Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 451-52 (N.D. Cal 1994).
[5] A class suit may be seen as a mass production remedy for mass production wrongs.  Geoffrey C. Hazard, "*The Effect of the Class Action Device on Substantive Law,*" 58 F.R.D. 307, 308 (1973).

In a 1985 case the Supreme Court of the United States announced definitively the theory which underlies the opinions of trial and appellate courts that the class action rule contemplates many potential plaintiffs with small claims joining together to litigate their theory of redress.

> Modern plaintiff class actions follow the same goals, permitting litigation of a suit involving common questions when there are too many plaintiffs to have proper joinder.  Class actions also may permit the plaintiffs to pool claims which would be uneconomical to litigate individually.

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985).

As early as 1853 the United States Supreme Court endorsed the class action as "manifestly" necessary to promote justice.  *Smith v. Swormstedt,* 57 U.S. (16 How.) 288 (1853).[6]  Modern judges and lawmakers have also attested to the public importance of class actions.  For example, Judge Mansfield testified to Congress that:

> "In our adversarial framework the [plaintiff] is unevenly matched against those who have at their command the economic resources, legal talent and investigative facilities which he does not possess. Absent help he will continue to be taken for a ride."[7]

Sixty-eight years ago commentators, in urging the utility of the class suit to vindicate the rights of injured persons, offered this incisive observation:

> Modern society seems increasingly to expose men to…group injuries for which individually they are in a poor position to seek legal redress, either because they do not know enough or because such redress is disproportionately expensive.  If each is left to assert his rights alone if and when he can, there will at best be a random and fragmentary enforcement, if there is any at all.  This result is not only unfortunate in the particular case, but it will

---

[6] As early as 1125, after a writ of Henry III, the King's Courts recognized the class/representative litigation.  By the early 1700's class cases were a common occurrence in English Chancery Courts and the first stock fraud class action, *Chancey v. May*, 24 Eng. Rep. 268 (Ch. 1722), was decided.  *See* "From Medieval Group Litigation to the Modern Class Action," Stephen C. Yeazell (1987).

[7] *Reform of Class Action Litigation Procedure: Hearing on S. 3475 Before the Subcomm. On Improvements in Judicial Machinery, Senate Comm. On the Judiciary, 95th Cong., 2d Sess. 34 (1978)*, the Honorable (Late) Walter R. Mansfield, Chief Judge Second U.S. Court of Appeals.

operate seriously to impair the deterrent effect of the sanctions which underlie much contemporary law. The problem of fashioning an effective and inclusive group remedy is thus a major one. Kalven and Rosenfield, *The Contemporary Function of the Class Suit,* 8 U.Chi.L.Rev. 684, 686 (1941).

As recently as 2005 Congress reiterated the value of the class action mechanism. Public Law 109-2, 119 Stat 4, February 18, 2005.

(a)    Congress finds the following:
    (1)    Class action lawsuits are an important and valuable part of the legal system when they permit the fair and efficient resolution of legitimate claims of numerous parties by allowing the claims to be aggregated into a single action against a defendant that has allegedly caused harm.
(b)    the purposes of the [Class Action] act are to:
    (1)    assure fair and prompt recoveries for class members with legitimate claims;

. . . .

    (3)    benefit society by encouraging innovation and lowering consumer prices.

Codified in Rule 23, FED.R.CIV.P. "The Class Action Fairness Act"

The Supreme Court has recognized that class actions conserve the resources of the courts as well as the parties by permitting issues potentially affecting every class member to be litigated under Rule 23 economically.[8]

The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually are attorney's) labor. *Amchem Products, Inc. v. Windsor,* 521 U.S. 591 (1997).

### IV.    The Class is so Numerous Making Joinder Impracticable

In considering the first class criterion, the Ninth Circuit recognized the truism that has long governed proposed classes. In *Hanlon v. Chrysler Corp.*[9] the court announced the

---

[8] *General Telephone Co. v. Falcon,* 457 U.S. 147 (1982) quoting, *Califano v. Yamasaki*, 442 U.S. 682, 701 (1979).

numerosity criterion is not to be considered in isolation.  Rather, it is properly viewed in the context of an impracticability of joinder.  Newberg on Class Actions § 6:19 at p. 10 (4th ed. 2002) describes the practicability of joinder as an inherent consideration of numerosity. [Newberg § 6:19 (4th ed. 2002) *See also: In re: Infant Formula MDL 878*, 1992 U.S. Dist Lexis 21982 (N.D. Fla, March 2, 1992)].  "To meet this requirement, a plaintiff need not prove the exact size of the proposed class, but rather need demonstrate only that the number is exceedingly large, and joinder impracticable."  There is no set numerical cut-off, and a finding of numerosity may be supported by common sense assumptions in cases where a uniform and widespread consumer violation is alleged.[10]

In the instant action it is beyond legitimate challenge that the class is comprised of many eBay customers across the United States since four years preceding April 20, 2007 (the beginning of the class period) and extending until final disposition of this action.  eBay discovery responses indicate the class will exceed 2 million.  eBay's designated corporate representative testified that in 2006 alone the active population of sellers in the United States was approximately 3 million.[11]

The recent multidistrict case, *In re: Hydrogen Peroxide Antitrust Litigation*[12] restated the judicially universal standard on the numerosity criterion of Rule 23(a):

> "No definite standard exists concerning a magic number satisfying the numerosity requirement, nor must plaintiff allege the exact number or identity of class members."  *Cumberland Farms, Inc. v.*

---

[9] *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

[10] *In re: Citric Acid Antitrust Litigation*, 1996-2 CCH Trade Cas. (CCH) ¶ 71,595 at p. 78,183 (N.D.Cal. 1996).

[11] eBay discovery responses reasonably approximate the number of individual auction purchasers each year of the class period through August 2009 between 1.5 million and 2 million.  Making the common sense assumption that the population of auction time purchasers varied somewhat from year to year (some new purchasers and some past purchasers dropping out), plaintiff reasonably believes the class will exceed 2 million.  *See* Etter deposition pp. 126:19-25.  The data and testimony are subject to the Protective Order and will be filed under seal.

[12] 240 F.R.D. 163 (E.D.Pa. 2007), MDL 1682, the Honorable Judge Dalzell at 168.

> *Browning-Ferris Industries, Inc.;* 120 F.R.D. 642, 645 (E.D.Pa.,1988). Plaintiffs have alleged, on good faith belief, "that there are hundreds, if not thousands, of members of the Class. Courts are permitted to "accept common sense assumptions" about the numerosity requirement. *In re: Linerboard Antitrust Litigation*, 203 F.R.D. 197, 205 (E.D.Pa. 2001) (quoting *In re: Cephalon Sec. Litigation*, 1998 WL 470160 at *2 (E.D.Pa. August 12, 1998)). We find that there are enough class members that individual joinder of them would be impracticable. The requirement of Rule 23(a)(1) is, therefore, satisfied.[13]

In interpreting its own class action standards the California Supreme Court agrees with *Hydrogen Peroxide* and its litany of cited cases

> "consumer class actions and representative UCL actions serve important roles in the enforcement of consumers' right. [They] make it economically feasible to sue when individual claims are too small to justify the expense of litigation, and thereby encourage attorneys to undertake private enforcement actions. Through the UCL a plaintiff may obtain restitution and/or injunctive relief against unfair or unlawful practices in order to protect the public and restore to the parties in interest money or property taken by means of unfair competition. These actions supplement the efforts of law enforcement and regulatory agencies. This court has repeatedly recognized the importance of these private enforcement efforts."

*In re: Tobacco Cases*, 46 Cal 4th 298, 312; 207 P.3d 20, 30 (2009) [citing cases].

## V.    Common Questions of Law or Fact:
### BPC § 17203 (Cal) CCP 382 (Cal), FRCP 23(a)(2)

The second step for the court's inquiry is to determine whether the claim of the named plaintiff seeking to act in a representative capacity raises a question of fact *or* law common to each member of the proposed class. In this analysis it is not necessary that an identical question be presented or that all members share all legal or factual questions in common. The cited class

---

[13] <u>Accord</u>: *Id.* 5 James Wm. Moore, et al. Moore's Federal Practice § 23.22 [1][b] (3d ed. 2004); 7 Wright, Miller & Kane, Federal Practice & Procedure § 1762 (3d ed. 1995); Fri*edman v. Louisiana – Pacific Corp.* 922 F.Supp. 377, 398 (D.Oregon 1996).

PLAINTIFF'S SUPPORTING MEMORANDUM OF POINTS
AND AUTHORITIES REGARDING MOTION TO CERTIFY PROPOSED CLASS

Ewert v. eBay, Inc., et al.                    PAGE - 8 -                    USDC Case #07-CV-2198 RMW

action enabling rules simply require that, "…the named plaintiff's claims and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.[14]   The plaintiff in the case *sub judice* need not show that all questions raised by the instant dispute are identical (although they are essentially identical in this action).  All that the commonality criterion requires for the plaintiff to demonstrate is that there is at least one question of fact *or* law common to him and the class he proposes to represent.

The class action rule does not require that every question of law be common to every member of the class, but the commonality is satisfied where questions of law linking class members is substantially related to resolution of the litigation even though individuals are not identically situated.[15]

The common questions that permeate the proposed class and the proposed representative's claims are enumerated in paragraph 14, page 5 of the Second Amended Complaint (Doc. 57) and paragraph 24, page 10 of the contemporaneously filed Third Amended Complaint.  Commonality can be summarized as follows:  The defendant's "on-line auction format," through its "sell your item" form, purports to offer purchasers auctions, purports to offer a specific duration of time for the auction, and purports to offer a "start time" for the auction of "start listing when submitted."  The named plaintiff and all class members are charged for and pay money to eBay when submitting the listing.  Yet, those so called auctions do not start when submitted and the purchasers do not receive the duration of time selected, as described throughout the complaint and plaintiff's deposition.  The named plaintiff and absent

---

[14] *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 note 13 (1982); *see also: Jordon v. Los Angeles County,* 669 F.2d 1311, 1320 (1982)
[15] *Diaz v. Hillsborough County Hosp. Auth.*, 165 F.R.D. 689 (M.D. Fla. 1996).

class members paid for a service they did not receive.  That scenario portrays the quintessential nature of commonality required by the class action rules of procedure.

The commonality rules are thus satisfied as the combined result of eBay's uniform and unilateral conduct that transgresses the substantive California consumer protection statutes.  A case perhaps best illustrative of the commonality standard is *Watson v. Shell Oil Co.*[16]  The court observed that although not all issues were common to all of the proposed class, it was appropriate and consistent with the rule and authorities to focus on the common issue of the defendant's liability.  Because all class members shared the same underlying facts creating the claim for relief, they satisfied the commonality criterion.  A question that is appropriate for the court to ask in reaching the commonality decision is:  Would each absent class member be required to prove the same facts, conduct and result?  If so, and that is manifestly true with the instant action, then at least one common question of law or fact exists.[17]  It is not necessary that "[all] questions of fact and law…be common to satisfy the rule….we have found [the] existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class."[18]

## VI. Typicality
## Rule 23 (a)(3) Fed.R.Civ. P

While the commonality criterion of class action consideration addresses the common issues having an adverse effect on the proposed class, the typicality requirement seeks to assure the court that the class representative and class are typical of each other.  The focus is on

---

[16] 979 F.2d 1014 (5th Cir. 1992)

[17] *See: Hanon v. Dataproducts*, 976 F.2d 497, 508 (9th Cir 1992), *Staton v Boeing*, 327 F.3d 938, 957 (9th Cir. 2003), *Yokoyama v. Midland Nat'l Life Ins. Co*., 243 F.R.D. 400, 2007 U.S. Dist. Lexis 45318 (D. Haw., 2007), *also see* generally: Newberg on Class Actions § 3:13 (pp 316-333) 4th ed. (2002).

[18] *Hanlon v. Chrysler Corp*, 150 F.3d 1011, 1019 (9th Cir. 1998).

PLAINTIFF'S SUPPORTING MEMORANDUM OF POINTS
AND AUTHORITIES REGARDING MOTION TO CERTIFY PROPOSED CLASS

Ewert v. eBay, Inc., et al.                PAGE - 10 -                USDC Case #07-CV-2198 RMW

determining that they share the same or similar grievances as other class members flowing from eBay's uniform conduct. As the court in the Southern District examined the concept, it said:

> Typicality refers to the nature of the claim…of the class representative, and not the specific facts from which it arose or the relief sought.[19]

Virtually all courts considering the rule's two subdivisions have concluded that commonality and typicality tend to merge. One premise of typicality is that the class representative must be part of the class he seeks to represent and that he possess the same interest and suffer the same type of injury as the absent class members.[20]

The purpose of the typicality requirement is to assure that the interests of the named representative aligns with the interest of the class so that the representative will work to the benefit of the entire class through the pursuit of his own goals.[21] An oft-cited law review phrased the matter thusly: "It is axiomatic that we trust man (the representative) to help his fellow man (the class) if, by doing so, he helps himself. That is particularly true if, by helping others, he will be able to protect and promote his own interests."[22] The above statement is neither selfish nor sinister, rather, it is a statement recognizing a basic human trait that the law has appropriated as beneficial judicial policy and efficiency in the administration of civil justice among litigants, it presents the intersection of common sense and public good.

One distinction between commonality and typicality, yet one that creates symmetry of the two, is that typicality focuses on the defendant's conduct as it is applied and felt across the

---

[19] *Weinberger v. Thornton*, 114 F.R.D. 599, 603 (S.D. Cal. 1986).
[20] *General Telephone of the Southwest v. Falcon*, 457 U.S. 147, 156 (1982); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *see*: *Armstrong v. Davis*, 275 F.3d 849, 868-69 (9th Cir. 2001)
[21] *In re: Hydrogen Peroxide Antitrust Litigation* at 169 citing *Barnes v. American Tobacco Co.*, 161 F.3d 127, 141 (3rd Cir. 1998).
[22] Hombarger, State Class Action and the Federal Rule, 71 Columbia L.Rev. 609 (1971).

spectrum of class members.  It is the universality of the defendant's conduct and its injury-bearing effect on class members and their representative that creates the nexus to satisfy the court.  The nexus in the instant action is that Mr. Ewert's claims "…stems from the same…nationwide course of conduct that forms the basis of the class claims and is based upon the same legal or remedial theory.[23]

"The rule is satisfied…if the claims of the named plaintiff arises from the same practice or course of conduct that gives rise to the claim of the proposed class members."[24]  "Typicality measures whether a sufficient nexus exists between the claims of the named representative and those of the class at large."[25]

It is axiomatic that Mr. Ewert and members of the proposed class have tangible and legally protectable interests at stake; and thereby standing.  Each is alleged to have suffered monetary harm through the unlawful consumer conduct of eBay.  If the class prevails, each will have a claim against eBay for injunctive and restitution remedies.

Typicality is concerned too with the prevention of conflicts of interest among the named plaintiff and absent class members.  In a consumer protection case where the plaintiff's critical allegations are based upon the defendant engaging in a uniform statutorily impermissible course of conduct, it follows axiomatically that the claims of the representative party will be typical of each absent class member.

---

[23] *Jordan v. County of Los Angeles,* 669 F.2d 1311, 1321 (9th Cir.), vacated on other grounds, 459 U.S. 8190 (1982).
[24] *East Texas Motor Freight v. Rodriguez,* 431 U.S. 395, 403 (1977); *Robinson v. Metro-North Commuter R.R. Co.,* 267 F.3d 147, 155 (2nd Cir. 2001); S*ee Prado-Steiman v. Bush,* 221 F.3d 1266 (11th Cir. 2000)
[25] *In re: Hydrogen Peroxide Antitrust Litigation* supra at 169.

Thus being so, there can be no intra class conflict of interest between or among the named plaintiff, Mr. Ewert, and the absent class members whose interests he champions while pursuing his own.

### VII.    Adequacy
### Rule 23(a)(4) Fed.R.Civ.P.

The Ninth Circuit follows the criteria regarding adequacy of representation enunciated by the U.S. Supreme Court; a standard consistent among all circuits and states.

> "we have repeatedly held that a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." [internal quotations omitted][26]

The salient questions to be answered regarding the initial component of representational adequacy are: (1) does the proposed representative share with the other members of the class the same common question(s) of law *or* fact? and (2) is the proposed representative's claim typical of the class claims?   An additional inquiry follows those fundamental questions: Will the proposed class representative meet the rule's criterion that he "will fairly and adequately protect the interests of the class?"   Aside from the question–begging nature and existential exercise of "adequately protect" to determine representational adequacy, Mr. Ewert's application to serve as a class representative must assure the court that his litigation goals and perspectives are not at variance with absent class members, and that he will be diligent and vigorous in the prosecution of the action on behalf of the absent class members.[27]   Courts presume the above as well as vigorous prosecution where there are no conflicts present.

In the instant action Mr. Ewert's application to the court for the status of class representative shows that he shares with the absent class members the same claim arising from

---

[26] *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 156 (1982) – citing cases.
[27] *In re: Northern Dist. Of California Dalkon Shield Products Liability Litigation*, 693 F.2d 847 (9th Cir. 1994).

eBay's impermissible and challenged business conduct.   Authorities agree that it is the consistent nature of the claim asserted, not the factual situation of each class members that matters for adequacy.[28]

The Ninth Circuit has addressed the adequacy criterion saying:

> Adequacy of representation for class certification requires that: (1) the proposed representative plaintiff does not have conflicts of interest with the proposed class, and (2) the plaintiff is represented by qualified and competent counsel.[29]

The interests of the named plaintiff are not to be considered antagonistic to those of absent class members unless such interests directly relate to the matters that constitute the critical issue(s) in the action.[30]

There is nothing in this record that would indicate Mr. Ewert having less than enthusiasm and dedication to the common cause of his fellow class eBay auction purchaser members.   There is no evidence, indeed not even a hint, of antagonism between or among class members.   There is no question that the named plaintiff is a member of the class he seeks to represent.

Mr. Ewert demonstrates his adequacy to represent the proposed class through his deposition testimony of September 14, 2009.   The following referenced passages illustrate that he meets the demands placed upon him by the class action rule and cited case law authorities. *See* deposition of Michael Ewert pp. 49:11-16, 66:25, 67:11-23, 68:1-25, 73:24-25, 74:1-8, 86:1-25, and 111:14-16.   Attached hereto as Exhibit "A"

---

[28] *East Texas Motor Freight v. Rodriguez*, 431 U.S. 395 (1977).
[29] *Yokoyama v. Midland Nat'l Life Ins. Co.*, 243 F.R.D. 400, 2007 U.S. Dist. Lexis 45318 (D. Haw., 2007) citing *Staton v. Boeing* and *Hanlon v. Chrysler Corp.*   A comprehensive discussion of each class requirement with extensive authorities cited is found in *In re: Catfish Antitrust Litigation*, 826 F.Supp. 1019 (N.D. Miss. 1993)
[30] *Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1177 (9th Cir. 1977); *In re: Bristol Bay, Alaska, Salmon Fishery Antitrust Litigation*, 78 F.R.D. 622, 627 (W.D. Wash. 1978).

PLAINTIFF'S SUPPORTING MEMORANDUM OF POINTS
AND AUTHORITIES REGARDING MOTION TO CERTIFY PROPOSED CLASS

Ewert v. eBay, Inc., et al.                    PAGE - 14 -                    USDC Case #07-CV-2198 RMW

The historic role of a class representative in a class action is generally more passive and noticeably less active than of a traditional one-on-one party engaged in bilateral adversarial litigation.  As many courts have observed, it is the class lawyer who carries the laboring oar in shaping and presenting the case, and the class representative typically provides no more than anecdotal testimony at deposition or trial.[31]

> Experience teaches that it is counsel for the class representatives, and not the named parties, who direct and manage these actions. Every experienced federal judge knows that any statement to the contrary is sheer sophistry.[32]

The named plaintiff and the proposed class are represented by able counsel.  *See*: each appearing counsel's *curriculum vitae* filed with counsels' motion for appointment.  Among the considerations regarding adequacy of counsel seeking appointment by the court as class counsel are: (1) the attorney's skills and acumen;[33] (2) the attorney's experience;[34] (3) the attorney's resources, such as staff and professional commitments;[35] and (4) the attorney's performance throughout the litigation.[36]  Counsel's adequate representation of a class in the past is sufficient evidence that he will adequately represent a class in the future.[37]

Counsels' adequacy in past class actions is sufficient that he/they will adequately represent a class in the future; specifically, the instant action.  *Gomez, id.*

---

[31] *See, Surowitz v. Hilton Hotel Corp.* 383 U.S. 363, 370-74 (1966) [although Mr. Ewert is definitely not ignorant of salient factors as was Mrs. Surowitz.]; *Amchem Products v. Windsor*, 521 U.S. 591, 625 (1997); *Baffa v. Donaldson, Lufkin & Jenrette Corp.,* 222 F.3d 52, 62 (2d Cir. 2000)*; Goodman v. Lukens Steel Co.*, 777 F.2d 113, 124 (3rd Cir. 1985), affirmed on other grounds, 482 U.S. 656 (1987), *cert. dismissed*, 487 U.S. 1211 (1988); *Greenfield v. Villager Industries,* 483 F.2d 824, 832 n.9 (3rd Cir. 1973).

[32]  Greenfield, id.  The role of the class representative has been described as a "noble myth."  Kane, Standing, Mootness, and Federal Rule 23 – Balancing Perspectives, 26 Buffalo L.Rev. 83, 106 (1976-1977).

[33] *Folding Cartons, Inc. v. American Can Co.*, 79 F.R.D. 698, 701 (N.D.Ill. 1978); *Johnson v. Shreveport Garment Co.*, 422 F.Supp. 526, 535 (W.D.La. 1976); *aff'd per curiam*, 577 F.2d 1132 (5th Cir. 1978).

[34] *Ikonen v. Hartz Mountain Corp.,* 122 F.R.D. 258, 263 (S.D.Cal. 1988); *Katz v. Comdisco, Inc.*, 177  F.R.D. 403, 410 (N.D.Ill. 1987); *Armstrong v. Chicago Park Dist.*, 117 F.R.D. 623, 631 (N.D.Ill 1987).

[35] *Gomez v. Illinois State Bd. of Educ.,* 117 F.R.D. 394, 401 (N.D.Ill. 1987); *Esler v. Northrop Corp.*, 86 F.R.D. 20, 37 (W.D.Mo. 1979)

[36] *Sullivan v. Chase Inv. Servs., Inc.*, 79 F.R.D. 246, 258 (N.D.Cal. 1978).

[37] *Gomez v. Illinois State Bd. of Educ.,* 117 F.R.D. 394, 401 (N.D.Ill. 1987).

### VIII.   Common Questions Predominate
### Rule 23(b)(3) Fed.R.Civ.P.

The plaintiff must bear the burden of establishing that common or generalized proof will predominate in the substantive adjudication phase of the action.   Predominance[38] is a test readily met in UCL cases such as this.   *In re: Tobacco II Cases*, 46 Cal. 4th 298, 326-27, 207 P.3d 20, 39-40 (May 18, 2009).   It is axiomatic that the named plaintiff and absent class members using the "online auction format" relied on eBay's instruction to auction time purchasers that its "sell your item" form options meant what they said in print; printed materials through which every such customer must navigate.   Among the format's options available to the auction time purchaser is a choice denominated as "duration" (typically offering 1, 3, 5, 7 or 10 days) and "start time" (offering "start listing when submitted*);*" patently unambiguous statements.   The *In re: Tobacco II Case* cited above establishes the substantive standard material to the common proof of this action.

It is enough that eBay's representation that selection of the "duration" (specific number of days) and "start time" ("start listing when submitted") by Mr. Ewert and absent class members "played a substantial part, and so had been a substantial factor, in influencing his decision" [and those of the class as well].   *In re: Tobacco II Cases*, at 326-27, (bracket text added)] (citing cases).

Implicit in the predominance requirement is the notion that the adjudication of common issues will achieve the goal of judicial economy.[39]   In making the predominance evaluation courts generally consider the substantive elements of liability and the nature of proof regarding those elements.   In the instant case the substantive element that predominates between and among every class member is whether the proof at plenary hearing establishes that Mr. Ewert, a consumer of eBay's auction time offerings, suffered any harm as a result of the choice of the specific "duration" and "start" now option and whether those options were a misrepresentation.

---

[38] *See* Footnote Number 1.
[39] By providing a single forum in which to litigate similar claims, a class action provides an important mechanism for the conservation of judicial resuources.   *Kennedy v. Tallant*, 710 F.2d 711 (5th Cir. 1983).

PLAINTIFF'S SUPPORTING MEMORANDUM OF POINTS
AND AUTHORITIES REGARDING MOTION TO CERTIFY PROPOSED CLASS

Ewert v. eBay, Inc., et al.                    PAGE - 16 -                    USDC Case #07-CV-2198 RMW

> A misrepresentation is judged to be material if a reasonable man would attach importance to its existence…in determining his choice of action in the transaction in questions….*In re: Tobacco II Cases*, *Id*. at 327. (citations omitted in the original).

It is as elementary as it is fundamental that a purchaser of one service among alternatives offered by eBay with respect to when his auction would begin and how long it would last meets the factual and substantive doctrine expressed above.

### IX.     Superiority and Manageability
### Rule 23 (b)(3) Fed.R.Civ.P

There is authority for the proposition that claims asserted under CLRA do not require a showing of superiority to be appropriate for certification.[40]

Since class certification is subject to Rule 23 and its mandate of application of federal procedure under *Erie*, *supra*, the requirements stated above will be addressed.

The superiority element of Rule 23(b) has two aspects: (1) whether it would be worthwhile for the court to devote the time and attention necessary to formulate workable methods for disposing of the group claims within one representative action; and (2) whether the ends of justice would be properly served even if convenient.  The superiority requirement calls for a determination that a class suit would be the best way of channeling and adjudicating the claims of the class members.  A class action is the superior method of adjudication when the benefits of class-wide resolution of common issues outweighs any difficulties that may arise in the management of the case.

Consistent with the rule's requirement, continuing this litigation as a class action is not only "superior to other available methods for the fair and efficient adjudication of the controversy," it is the sole method fairly and efficiently to litigate the claims of the class.  "Most

---

[40] *Hogya v. Superior Court* (1977) 75 Cal. App. 3d 122 [142 Cal. Rptr 325].

of the plaintiffs would have no realistic day in court if a class action were not available".[41]  The

*Shutts* considerations apply to the present case, where it would be impossible for any class

member individually to litigate against eBay, a domestic major corporate entity, given its larger

financial resources *vis-a-viś* each plaintiff's relatively small individual claim and minimal

resources.[42]  Because absent members of the plaintiff class share a common grievance, a class

action becomes the superior vehicle for vindicating their rights and resolving the sole legal issue

involved.

Manageability and superiority issues become significant only when they create a

situation that makes a class action less fair and efficient than other available techniques for

resolving class members' claims.

Perhaps the clearest, and certainly one of the most resounding and articulate, rejection of

the typical class action defendant's *sturm und wut* advocacy that only the simplest and most

mundane class action can meet Rule 23(b) criteria of superiority and manageability was authored

by Judge Marvin Shoob and found in *In re: Domestic Air Transportation Antitrust Litigation,*

137 F.R.D. 677, 696 (N.D.Ga. 1991).

> Defendants insist that this case will be unmanageable as a class
> action because the proposed class will number in the millions and
> will require over 400 million transactions, requiring "mini-trials"
> for millions of purchasers.  The court cannot deny certification,
> however, merely because the number of plaintiffs makes the
> proceeding complex or difficult. …The court finds a class action
> the *only* fair method adjudication of plaintiffs.  The individual
> claims of many class members are so small that the cost of

---

[41] *Phillips Petroleum Company v. Shutts*, 472 U.S. 797, 809 (1985).  In this action the reality is that <u>no</u> auction time purchaser would be able to muster such a "realistic day in court" as mentioned by the *Shutts* case.

[42] The average claim value for the class is calculated to be less than $700.00.  This average includes all sellers (low value "casual users" and high volume "power sellers") and all types of fees ("insertion" and "feature" fees that are charged at the time of purchasing the action, as well as "final value" fees charged only after the item has sold).  The data underlying this calculation is subject to the Protective Order and will be filed under seal.

individual litigation would be far greater than the value of the claims (internal citations omitted) (emphasis added).[43]

Both sides are well organized and although there are no obvious areas of concern, the court believe that problems can be handled.

....

"Dismissal for management reasons, in view of the public interest involved in class actions, should be the exception rather that the rule."[44]

...[the class action rule] shows that visions of unmanageability soon disappear, because courts, together with counsel have been able to manage litigation of constantly increasing complexity and magnitude."[45]

## X.  CONCLUSION

The procedural requirements of Rule 23(b)(2), Fed.R.Civ.P. are met in this action.  The CLRA criteria have been met as well.  The CLRA's key provision is Civil Code section 1781, which permits a consumer action to be maintained as a class action, and mandates certification of the class if the enumerated requirements are met.  The standards are:

It is impracticable to bring all members of the class before the court.

The questions of law or fact common to the class are substantially similar and predominate over the questions affecting the individual members.

The claims or defenses of the representative plaintiffs are typical of the claims or defenses of the class.

The representative plaintiffs will fairly and adequately protect the interests of the class.

---

[43] Based upon similar analysis found at *In re: Antibiotic Antitrust Actions*, 333 F.Supp. 278, 282 (S.D.N.Y. 1971).
[44] *Transamerican Refining Corp. v. Dravo Corp.,* 130 F.R.D. 70, at 76 (S.D.Tex. 1990).
[45] *In re: Sugar Industry Antitrust Litigation*, 73 F.R.D. 322, 356-57 (N.C. Pa. 1976); *see also, Watson v. Shell Oil*, 979 F.2d 1014 (5ᵗʰ Cir. 1992).

(Civ. Code § 1781.)  If these test are met, and the claims presented fall within one of the 23 acts specifically prohibited by Civil Code sections 1770(a)(1)-(23), class certification shall be granted (Civ. Code § 1781(b).)

California substantive statutory and caselaw will govern the merits resolution of this action.  Thus, it is appropriate for this court to analyze and measure the rule 23(b) procedural requirements by the substantive claims to be decided at plenary trial.

**Dated:** <u>December 18, 2009</u>

Respectfully submitted,

BAILEY & GALYEN

<u>/s/ John R. Fabry</u>
John R. Fabry

**ATTORNEYS FOR PLAINTIFF AND PROPOSED CLASS**

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2009, I electronically filed the foregoing **PLAINTIFF'S SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES REGARDING MOTION TO CERTIFY PROPOSED CLASS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following attorneys(s) of record at the listed email address:

| | |
|---|---|
| Whitty Somvichian<br>Sarah Boot<br>COOLEY GODWARD KRONISH LLP<br> 101 California, 5th Floor,<br>San Francisco, CA 94111-5800<br>Attorneys for Defendant *eBay, Inc.* | Email: wsomvichian@cooley.com<br>Email: sboot@cooley.com<br><br>Facsimile: (415) 693-2222 |
| Edward S. Zusman<br>Kevin K. Eng<br>MARKUN ZUSMAN & COMPTON, LLP<br>465 California Street, Suite 500<br>San Francisco, CA 94104<br>Attorneys for Plaintiff, *The Missing Link, d/b/a Bath Plus, Inc.* | Email: ezusman@mzclaw.com<br>Email: keng@mzclaw.com<br><br>Facsimile: (415) 434-4505 |
| Ilan Chorowsky<br>CHOROWSKY LAW OFFICES<br>Progressive Law Group, LLC<br>222 W. Ontario, Suite 310<br>Chicago, IL 60610<br>Attorneys for Plaintiff, *The Missing Link, d/b/a Bath Plus, Inc.* | Email: ichorowsky@gmail.com<br><br>Facsimile: (312) 643-5894 |
| Frank Jablonski<br>Progressive Law Group, LLC<br>354 W. Main Street<br>Madison, WI 53703<br>Attorneys for Plaintiff, *The Missing Link, d/b/a Bath Plus, Inc.* | Email: frankj@progressivelaw.com<br><br>Facsimile: (608) 442-9494 |
| Noah Shube<br>The Law Offices of Noah Shube<br>434 Broadway, Sixth Floor<br>New York, NY 10013<br>Attorneys for Plaintiff, *The Missing Link, d/b/a Bath Plus, Inc.* | Email: nshube@yahoo.com |

_ \s\ John R. Fabry
John R. Fabry