E-FILED on    9/30/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL EWERT, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>EBAY, INC.,<br><br>    Defendant. | No. C-07-02198 RMW C-07-04487 RMW<br><br>ORDER GRANTING MOTIONS FOR CLASS CERTIFICATION, DENYING MOTION TO APPOINT CLASS COUNSEL, AND DENYING MOTIONS TO STRIKE<br><br>**[Re Docket Nos. 86, 88, 111]** |
| THE MISSING LINK, INC., d/b/a BATH PLUS INC. and JEFFREY MARKS, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>EBAY, INC.,<br><br>    Defendant. | No. C-07-04487 RMW<br><br>**[Re Docket Nos. 83, 121]** |

    In *Ewert v. eBay, Inc.*, C-07-2198 ("Ewert Case"), plaintiff Michael Ewert moves for class certification, to appoint class counsel, and to strike defendant eBay, Inc. ("eBay")'s expert report.

ORDER GRANTING MOTIONS FOR CLASS CERTIFICATION, DENYING MOTION TO APPOINT CLASS COUNSEL, AND DENYING MOTIONS TO STRIKE    —No. C-07-02198 RMW C-07-04487 RMW
CCL

Similarly, in *The Missing Link, Inc. v. eBay, Inc.*, C-07-04487 ("Missing Link Case"), plaintiffs The Missing Link, Inc. ("Missing Link") and Jeffrey Marks move for class certification and to strike eBay's expert report. For the reasons set forth below, the court certifies a class action, denies without prejudice the motion to appoint class counsel, and denies the motions to strike the expert report.

## I. BACKGROUND

eBay is "the largest virtual retail store and auction site on the internet." Missing Link Case, Second Am. Compl. ("SAC") ¶ 17. Sellers on eBay are charged an "insertion fee" for posting the listing as well as additional fees for optional services and upon sale of the item listed. Missing Link Case, Hartrich Decl. Supp. Opp'n Mot. Class Cert. ("Hartrich Decl.") ¶¶ 7, 10. To post items for sale on eBay.com, a seller must register with eBay and complete an online form requesting a listing on eBay's site. *Id.* at ¶ 19. One such online listing request form is the Sell Your Item form. When filling out the Sell Your Item form, a seller selects a selling format and a listing duration. Missing Link Case, Quan Decl. Supp. Opp'n Mot. Class Cert. ("Quan Decl.") ¶ 2. The most common selling formats are the auction-style and fixed-price formats. Hartrich Decl. ¶ 4. For a fixed-price listing, the seller sets a designated price (the "Buy It Now" price) at which a buyer can purchase an item. *Id.* For an auction-style listing, the seller sets a starting price for bidding and may also select a reserve price, which is the minimum amount that the seller is willing to accept. *Id.* In addition, a seller may choose to have a "Buy It Now" price on an auction-style listing, which gives buyers the option of purchasing the item immediately at the "Buy It Now" price. *Id.* For both types of selling formats, sellers choose a listing duration, such as 1, 3, 5, 7, or 10 days. *Id.* at ¶ 5.

Sellers also choose a start time for their listing. Ewert Case, Third Am. Compl. ("TAC") ¶ 5. The default selection for a start time is "start listing when submitted." *Id.* According to plaintiffs, even when this option is chosen, the listing does not begin immediately upon submission in that the listing is not immediately searchable by prospective bidders. *Id.* ¶ 7. All listings are affected by technical delays caused by the time necessary to index and load listings. Missing Link Case, Mot. Class Cert. 3. In addition to these search indexing delays, some listings are also subject to Trust and Safety delays, which are delays caused by eBay's efforts to scrutinize listings for errors, deficiencies,

fraudulent activity, or violations of eBay's rules. *Id.* at 4. Plaintiffs allege that eBay failed to disclose the existence of these delays to sellers. Missing Link Case, Mot. Class Cert. 5. eBay also does not extend the listing period to compensate for these delays. SAC ¶ 33. Accordingly, plaintiffs allege that they did not receive the full duration requested for their listings. TAC ¶ 7.

Named plaintiff Missing Link is an Illinois corporation that sells bathroom fixtures online and by other means. SAC ¶ 6. Named plaintiffs Jeffrey Marks and Michael Ewert are individuals who purchased listings on eBay. SAC ¶ 7; TAC ¶¶ 5-6. Each of the named plaintiffs purchased listings on eBay.com using the Sell Your Item form and claim that they did not receive the full amount of listing time requested. SAC ¶¶ 6-7; TAC ¶¶ 5-6.

Missing Link and Marks assert claims against eBay for breach of contract and violation of California's Unfair Competition Law ("UCL").[1] Ewert asserts the following claims against eBay: (1) violation of the Consumers Legal Remedies Act ("CLRA"), (2) violation of the False Advertising Law ("FAL"), and (3) violation of the UCL. The named plaintiffs in each case seek class certification.

## II. ANALYSIS

Class certification is a matter within the discretion of the district court, *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001), *amended by* 273 F.3d 1266 (9th Cir. 2001), although the determination must be supported by sufficient factual findings, *Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1161 (9th Cir. 2001), and a proper understanding of the applicable law, *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1237 (9th Cir. 2001).

### A. Class Definition

"As a threshold matter, and apart from the explicit requirements of Rule 23(a), the party seeking class certification must demonstrate that an identifiable and ascertainable class exists." *Mazur v. eBay Inc.*, 257 F.R.D. 563, 567 (N.D.Cal. 2009). "A class definition should be precise,

---

[1] The SAC also asserts previously dismissed claims for unjust enrichment and breach of the covenant of good faith and fair dealing solely for the purpose of preserving rights on appeal. SAC ¶ 6 n.1.

objective, and presently ascertainable." *Id.* (citing *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal.1998)).

Ewert proposes the following class definition:

> All eBay customers, beginning four years prior to the date of filing suit [April 20, 2007], who used eBay's 'Online Auction Format,' and through eBay's 'sell your item' form selected a specific time duration for the auction, and chose the 'start time' option of the 'start listing when submitted.' Excluded from the Class are: (a) Defendant, eBay, and its subsidiaries, affiliates, officers, directors, agents and employees; (b) any governmental entity; (c) any judge or judicial official assigned to this matter and his or her family members; (d) claims for personal injury and wrongful death; and (e) any and all legal representatives of the parties and their employees.

Ewert Case, Mot. Class Cert. 1. This class definition is based on a set of objective criteria and is sufficiently ascertainable. However, as discussed below, this class definition appears to be over-inclusive with respect to the asserted CLRA claim since it includes non-consumers.

Missing Link and Marks propose the following class definition:

> all persons and entities who advertised a listing for sale on eBay.com using the Sell Your Item form, using the default selection for the listing to start upon submission to eBay. Excluded from the [] Class are governmental entities, Defendant and each of its subsidiaries, employees, officers, and directors. Also excluded is any judge, justice, or judicial officer presiding over this matter, and Plaintiff's counsel.

Missing Link Case, Mot. Class Cert. 7. This class definition is based on a set of objective criteria and is sufficiently ascertainable, except that it lacks a start date for the class period. However, this class definition is also over-inclusive in light of plaintiffs' proffered method for calculating damages and restitution, as discussed below.

### B. Rule 23(a) Prerequisites

Federal Rule of Civil Procedure 23(a) lists four conjunctive criteria that must be met to certify a class action: numerosity, commonality of issues, typicality of the representative plaintiffs' claims, and adequacy of representation. Fed. R. Civ. P. 23(a). A class may only be certified if the court is "satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982). The plaintiff bears the burden of demonstrating the requirements of Rule 23(a) are satisfied. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

In this case, there is no dispute regarding the satisfaction of the numerosity and commonality requirements, as there are over one million class members and many common questions of law and fact. Missing Link Case, Chorowsky Decl. Supp. Mot. Class Cert. ("Chorowsky Decl. 1") Ex. 12. The parties dispute whether the typicality and adequacy requirements have been met.

### 1. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. Proc. 23(a)(3). The typicality requirement serves to "assure that the interest of the named representative aligns with the interests of the class." *Hanon*, 976 F.2d at 508. "Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Id.* "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

eBay contends that named plaintiffs Missing Link, Jeffrey Marks, and Michael Ewert do not have claims typical of many class members because the class includes many sophisticated business entities likely to have interests and motivations different from those of named plaintiffs. The court notes that Missing Link is a business entity that had annual sales of over $100,000 on eBay.com. Pollack Dep. 21:1-3; *see* SAC ¶ 6. Moreover, the cases eBay cites do not support the blanket proposition that minor purchasers cannot have claims typical of larger business entities. In *Graphics Processing*, for example, the court found that named plaintiffs' claims were not typical of the putative class because named plaintiffs were individuals who had made single purchases on non-negotiable terms, while the majority of class members were wholesale purchasers with immense bargaining power, who had purchased a wide array of products on individually negotiated terms. *In re Graphics Processing Units Antitrust Litig.*, 253 F.R.D. 478, 489-90 (N.D. Cal. 2008). In contrast, the agreements at issue here are form contracts with standardized, non-negotiable terms, regardless of the class member's level of sophistication or volume of business. Thus, named plaintiffs' claims are not atypical simply because the class includes sophisticated business entities.

eBay also argues that the typicality requirement is not met because named plaintiffs are subject to unique knowledge and consent defenses. "[A] named plaintiff's motion for class certification should not be granted if there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." *Hanon*, 976 F.2d at 508 (citations and quotations omitted). Named plaintiffs admit that they continued purchasing listings on eBay even after realizing that listings were sometimes delayed. *See* Ewert Dep. 41:12-19, 43:25-44:9; Pollack Dep. 42:20-43:3; Marks Dep. 23:22-24:6, 30:2-24. While these admissions may pose difficulties for named plaintiffs in establishing reliance, damages, and restitution, the court has not been presented with any basis for believing that these difficulties are unique to named plaintiffs as opposed to common among class members.

Named plaintiffs claim that they purchased listings on eBay.com using the Sell Your Item form and chose the "start listing when submitted" time option, but their listings failed to begin immediately upon submission. SAC ¶¶ 6-7; TAC ¶¶ 5-6. Their breach of contract, UCL, FAL, and CLRA claims are based on the allegation that they did not receive the full amount of listing time requested. The nature of their claims are sufficiently typical of the claims of the class to ensure that their interests align with the interests of the class. The court thus finds that the typicality requirement has been satisfied.

### 2. Adequacy

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. Proc. 23(a)(4). The adequacy requirement ensures that absent class members are afforded adequate representation before being bound by a judgment. *Hanlon*, 150 F.3d at 1020. In determining adequacy, courts consider: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.* (citing *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978)).

eBay does not challenge the adequacy of named plaintiffs' counsel. In the absence of any evidence to the contrary, it appears that counsel representing named plaintiffs do not have any

conflict of interest with class members and would prosecute the action vigorously on behalf of the class.

eBay contends that there is a conflict of interest between named plaintiffs and other class members because named plaintiffs are seeking an injunction requiring eBay to extend the duration of a listing whenever there is a delay to compensate for lost listing time. According to eBay, many sellers want their listings to end at a specific time and thus would be harmed rather than benefited from such an injunction. Plaintiffs point out that they have not requested an injunction requiring eBay to automatically extend listing end times. They suggest various options for injunctive relief that do not create any conflict of interest between class members, such as providing the option of extending listings when there is a delay or simply providing sellers with full disclosure regarding the potential for delays. Accordingly, the court finds no conflict of interest based on the supposedly sought-after injunction.

eBay also argues that named plaintiffs are inadequate class representatives because they are subject to unique knowledge and consent defenses and thus would be preoccupied with these unique defenses. However, as noted above, the difficulties faced by named plaintiffs in prevailing on their claims do not appear to be unique to them. The court finds no conflict of interest between named plaintiffs and class members and no reason to believe named plaintiffs would fail to prosecute the action vigorously on behalf of the class. Accordingly, the adequacy requirement has been satisfied.

### C.  Rule 23(b) Types of Class Actions

In addition to fulfilling the four prerequisites of Rule 23(a), a class action must also meet the disjunctive requirements of Rule 23(b) by satisfying the criteria set forth in at least one of the three types of class actions. Fed. R. Civ. P. 23. Plaintiffs allege that this class action may be maintained as a Rule 23(b)(1) class, as a Rule 23(b)(2) class, or as a Rule 23(b)(3) class.

#### 1.  Certification as a (b)(1) Class

A class may be certified under Rule 23(b)(1) if individual actions would create a risk of "inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." Fed. R. Civ. Proc. 23(b)(1)(A).

Plaintiffs claim that if multiple suits were brought, there could be inconsistent results based on injunctive or declaratory relief. However, the mere fact that individual suits could result in different outcomes is insufficient to meet the requirements of Rule 23(b)(1). Since any injunctive or declaratory relief would be limited to the parties to each individual suit, eBay, if faced with varying injunctions with respect to different parties, could tailor its conduct to each party. Alternatively, eBay could simply adhere to the most restrictive injunctive regime. Thus, plaintiffs have failed to show how eBay could be faced with incompatible standards of conduct based on individual suits.

### 2. Certification as (b)(2) Class

For a class to be certified under Rule 23(b)(2), "the claim for monetary damages must be secondary to the primary claim for injunctive or declarative relief." *Molski v. Gleich*, 318 F.3d 937, 947 (9th Cir. 2003). "To determine whether monetary relief predominates, a district court should consider, on a case-by-case basis, the objective 'effect of the relief sought' on the litigation." *Dukes v. Wal-Mart Stores, Inc.*, 2010 U.S. App. LEXIS 8576, at *127 (9th Cir. Apr. 26, 2010). Relevant factors that a court may consider include "whether the monetary relief sought determines the key procedures that will be used, whether it introduces significant legal and factual issues, whether it requires individualized hearings, and whether its size and nature – as measured by recovery per class member – raise particular due process and manageability concerns." *Id.*

Plaintiffs seek monetary relief in the form of damages, restitution, imposition of a constructive trust, and disgorgement of ill-gotten revenues or profits. *See* SAC ¶¶ 56, 65; TAC ¶¶ 35, 44, 46, 49. Although plaintiffs also seek injunctive and declaratory relief, their claim for monetary relief has a significant impact on the case, introducing legal and factual issues likely to become a focus of the litigation. As discussed further below, plaintiffs have suggested a method for calculating damages and restitution on a class-wide basis. However, whether class members actually suffered any injury from the alleged delays and whether plaintiffs' proffered methodology for measuring such injury is supported by substantial evidence are issues likely to be hotly contested. Moreover, since March 12, 2007, eBay's Sell Your Item form has included the following language: "Your listing may not be immediately searchable by keyword or category for several hours, so eBay cannot guarantee exact listing durations in search results." Chorowsky Decl. 1 Ex. 8

at 17. The fact that this disclosure regarding potential delays already exists, though not dispositive, suggests that plaintiffs' claims for injunctive and declaratory relief are incidental to a primary claim for monetary relief. Having considered the objective effect of plaintiffs' claim for monetary relief on the litigation, the court finds that the claim for monetary relief predominates, making class certification under Rule 23(b)(2) inappropriate.

### 3. Certification as a (b)(3) Class

Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

#### a. Predominance

The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Hanlon*, 150 F.3d at 1022 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997)). The mere existence of common issues of fact or law is insufficient, as such commonality is already required by Rule 23(a)(2). Predominance is met where common questions, which can be resolved for all members on a class-wide basis, are such a significant aspect of the case that they present "a clear justification for handling the dispute on a representative rather than on an individual basis." *Id.*

Since plaintiffs' claims are based on allegations regarding eBay's uniform conduct toward all class members, there is no question that there are many common questions of law and fact in this case. Nonetheless, eBay contends that individual issues would be the focus of the litigation because the court would need to engage in individualized inquiries into contract interpretation, reliance, consumer status, damages, and restitution. The court therefore considers whether each of these issues can be addressed on a class-wide basis.

#### i. Contract Interpretation

eBay appears to suggest that individualized inquiry is necessary to determine eBay's liability for breach of contract because extrinsic evidence must be considered when engaging in contract interpretation. In particular, eBay argues that the court must evaluate each seller's course of dealing with eBay to understand the terms of each class member's contract with eBay. In support of its

claim, eBay cites the Restatement of Contracts, which states in part, "[w]here an agreement involves repeated occasions for performance by either party with knowledge of the nature of the performance and opportunity for objection to it by the other, any course of performance accepted or acquiesced in without objection is given great weight in the interpretation of the agreement." Restatement (Second) of Contracts § 202(4). Even though it is likely that many class members purchased more than one listing from eBay, it appears that each contract between class members and eBay is for an individual listing. Thus, none of the agreements at issue involve "repeated occasions for performance." *Id.*

Moreover, eBay's argument fails to account for the limited role that extrinsic evidence plays in contract interpretation. "[E]xtrinsic evidence is not admissible to add to, detract from, or vary the terms of a written contract." *Pacific Gas & Electric Co. v. G. W. Thomas Drayage & Rigging Co., Inc.*, 69 Cal. 2d 33, 39 (1968). Extrinsic evidence can be used in contract interpretation when there are ambiguous terms in the contract and may be used to establish ambiguity in contract terms. *Id.* at 40 n.8. However, the intent of the parties "is to be inferred, if possible, solely from the written provisions of the contract." *AIU Ins. Co. v. Super. Ct.*, 51 Cal. 3d 807, 822 (1990). Thus, "if the meaning a layperson would ascribe to contract language is not ambiguous, [courts are to] apply that meaning." *Id.*

Plaintiffs contend that the duration and start time of listings were plain, unambiguous terms in the Sell Your Item form. eBay has not alleged that any particular terms in the form contracts at issue in this case are ambiguous. Moreover, even if eBay could establish some ambiguity using extrinsic evidence, the ambiguous contract terms would interpreted against eBay, the drafter of the form contract. *See* Restatement (Second) of Contracts § 206 ("In choosing among the reasonable meanings of a promise or agreement or a term thereof, that meaning is generally preferred which operates against the party who supplies the words or from whom a writing otherwise proceeds."). Thus, eBay has failed to show how extrinsic evidence of ambiguity would affects its liability for breach of contract.

eBay also claims that individualized inquiry into the knowledge of each class member is needed to determine liability for breach of contract. However, as plaintiffs point out, when there is a

ORDER GRANTING MOTIONS FOR CLASS CERTIFICATION, DENYING MOTION TO APPOINT CLASS COUNSEL, AND DENYING MOTIONS TO STRIKE —No. C-07-02198 RMW C-07-04487 RMW
CCL
10

standardized agreement like the form contract at issue in this case, the agreement "is interpreted wherever reasonable as treating alike all those similarly situated, without regard to their knowledge or understanding of the standard terms of the writing." Restatement (Second) of Contracts § 211(2). "[C]ourts in construing and applying a standardized contract seek to effectuate the reasonable expectations of the average member of the public who accepts it. The result may be to give the advantage of a restrictive reading to some sophisticated customers who contracted with knowledge of an ambiguity or dispute." *Id.* at Comment e. Accordingly, in construing the form contract between eBay and class members, the court need not delve into the actual knowledge of individual class members. The court therefore concludes that plaintiffs' breach of contract claim does not raise individual issues likely to be the object of most of the court's and the parties' efforts. *See Menagerie Prods. v. Citysearch*, 2009 U.S. Dist. LEXIS 108768, at *36 (C.D. Cal. Nov. 9, 2009) (quoting *Kleiner v. First Nat'l Bank*, 97 F.R.D. 683, 691 (N.D. Ga. 1983)) ("[w]hen viewed in light of Rule 23, claims arising from interpretations of a form contract appear to present the classic case for treatment as a class action, and breach of contract cases are routinely certified as such").

### ii. Reliance

eBay asserts that class members cannot seek recovery under the UCL or the FAL without proving that funds were obtained "by means of" the alleged fraudulent conduct. Because class members who knew that auctions could be delayed did not rely upon eBay's allegedly fraudulent representations in purchasing listings, eBay argues that individualized inquiry is needed to determine which class members knew about the potential for delays.

The problem with eBay's argument is it rests upon a faulty premise – that individual proof of reliance is required to recover under the UCL and under the FAL. Faced with virtually the same argument raised by eBay, the California Supreme Court expressly rejected the idea that "plaintiff must present individual proof that each allegedly defrauded consumer seeking restitution did not *know* of the fraud, and that this requirement destroys the basis for a class suit." *Fletcher v. Security Pacific Nat'l Bank*, 23 Cal. 3d 442, 449-50 (1979). In *Fletcher*, the Court analyzed the statutory language in the FAL – which allows courts to issue orders that "may be necessary to restore to any person in interest any money or property, real or personal, which *may have been acquired* by means

of" an unlawful practice, Cal. Bus. & Prof. Code § 17535 (emphasis added) – and concluded that this language was "unquestionably broad enough to authorize a trial court to order restitution without requiring the often impossible showing of the individual's lack of knowledge of the fraudulent practice in each transaction." *Fletcher*, 23 Cal. 3d at 451. The UCL contains identical statutory language – also permitting courts to issue orders that "may be necessary to restore to any person in interest any money or property, real or personal, which *may have been acquired* by means of" unfair competition, Cal. Bus. & Prof. Code § 17203 (emphasis added) – and the California Supreme Court has made clear that "relief under the UCL is available without individualized proof of deception, reliance and injury." *In re Tobacco II Cases*, 46 Cal. 4th 298, 320 (2009). Therefore, plaintiffs need not establish lack of knowledge by individual class members to recover under either the UCL or the FAL.

eBay also argues that class members cannot seek recovery under the CLRA without proving actual reliance. The CLRA allows recovery by "[a]ny consumer who suffers any damage *as a result of* the use or employment by any person" of an unfair or deceptive business practice. Cal. Civ. Code § 1780(a) (emphasis added). Since class members who knew that listings could be delayed did not rely upon eBay's alleged misrepresentations in purchasing listings (and were not damaged as a result of those misrepresentations), eBay contends that individualized inquiry into the knowledge of class members is needed to determine liability under the CLRA.

However, under California law, "a presumption, or at least an inference, of reliance arises whenever there is a showing that a misrepresentation was material." *In re Tobacco II Cases*, 46 Cal. 4th at 327. Moreover, materiality is determined by an objective standard. "A misrepresentation is judged to be material if a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question." *Id.* (quotations omitted).

The alleged misrepresentations at issue in this case are the "duration" and "start time" options on the Sell Your Item form. Since the proposed class is limited to those who purchased listings from eBay using the Sell Your Item form, it is clear that the alleged misrepresentations were communicated to every class member. Because materiality is determined based on an objective, reasonable person standard, the issue of whether the alleged misrepresentations were material can be

addressed with class-wide evidence. Furthermore, once materiality has been established, a presumption or inference of reliance arises. Thus, individualized inquiry into the actual knowledge (or lack of knowledge) of each individual class member is not required to establish a violation of the CLRA.

### iii. Consumer Status

eBay contends that the court would have to engage in individualized inquiries to determine whether each class member is entitled to protection under the UCL and the CLRA as a consumer. According to eBay, corporations and other business entities generally cannot seek relief under the UCL, particularly if they have the independent resources to pursue direct claims against the defendant. The cases eBay cites, however, fail to support such a broad proposition. In *Rosenbluth*, an individual sought to bring a representative action under the UCL on behalf of alleged victims who were "sophisticated corporations, most in the Fortune 1000, each of which *negotiate[d] contracts individually* with [the defendant]." *Rosenbluth Int'l v. Super. Ct.*, 101 Cal. App. 4th 1073, 1078 (2002) (emphasis added). The court had due process concerns because a representative UCL action could deprive the alleged victims of the individual opportunity to seek more extensive remedies than those available under the UCL. *Id.* Similarly, *Linear Technology* dealt with "sophisticated corporate customers who have entered or will enter *their own contracts* with [defendants]." *Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 135 (2007) (emphasis added). Relying upon *Rosenbluth,* the court held that "where a UCL action is based on contracts not involving either the public in general or individual consumers who are parties to the contracts, a corporate plaintiff may not rely on the UCL for the relief it seeks." *Id.*

In contrast, this action deals exclusively with form contracts (even for those class members who are corporations or other business entities) and involves individual consumers. Moreover, the due process concerns raised in *Rosenbluth* and *Linear Technology* are inapplicable. If a class were to be certified under Rule 23(b)(3), class members would be given notice and have the opportunity to opt out. Fed. R. Civ. Proc. 23(c)(2)(B), (e)(4). Thus, individualized inquiry into the consumer status of class members is unnecessary for plaintiffs' UCL claim.

As for plaintiffs' CLRA claim, eBay is correct that sellers who purchased listings for business purposes would not be "consumers" entitled to recover under the CLRA. See Cal. Civ. Code § 1780. The CLRA defines a "consumer" as "an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes." Cal. Civ. Code § 1761(d). There can be little doubt that many non-consumers are included as class members under either of plaintiffs' proposed class definitions. Plaintiffs have failed to suggest any potentially viable means for determining the consumer status of class members without engaging in individualized inquiry into the circumstances of each class member. As the party seeking class certification, plaintiffs bear the burden of demonstrating that the requirements of Rule 23 have been met. See *Narouz v. Charter Commc'ns., LLC*, 591 F.3d 1261, 1266 (9th Cir. 2010). By failing to show how class members' consumer status can be determined without individualized inquiry, plaintiffs have failed to meet their burden of establishing that common questions of law and fact predominate over individual questions with respect to their CLRA claim. The court therefore denies class certification of the CLRA claim.

### iv.  Damages

eBay argues that damages for breach of contract cannot be established using class-wide evidence because: (1) there is insufficient data on the duration of listing delays; (2) plaintiffs cannot prove that any damages exist; and (3) even if there are damages in individual cases, there is no way to determine which class members are entitled to damages and the amount of damages to which they are entitled.

███████████████████████████████████████

██████████ Plaintiffs do not dispute that one must be able to determine the duration of the alleged delays in order to calculate damages but contend that there is sufficient data to make reasonable estimates of delay time using class-wide evidence. ████████████████

████████████████████████████████████

████████████████████████████████████

█████████████████████████████████ Missing Link Case, Opp'n Class Cert. 23. However, plaintiffs allege that all listings experience search indexing delays,

ORDER GRANTING MOTIONS FOR CLASS CERTIFICATION, DENYING MOTION TO APPOINT CLASS COUNSEL, AND DENYING MOTIONS TO STRIKE —No. C-07-02198 RMW C-07-04487 RMW
CCL
14



████ Missing Link Case, Mot. Class Cert. 21. ████
████ it would not be unreasonable to estimate damages based on the average duration of search indexing delays.

████
████
████
████
████
████

Though these estimates may not perfectly capture the exact delay time for each individual listing, plaintiffs have shown that there is sufficient data to reasonably estimate damages without resorting to individualized proof. *See Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 564-65 (1931) (holding that juries should be permitted to form a "reasonable and probable estimate" of damages when the precise amount of damages is uncertain).

eBay's second argument – that no damages exist – addresses the merits of the case rather than the issue of predominance and the appropriateness of class certification. It is premature at this stage for the court to consider whether class members actually suffered damages as a result of the alleged breach of contract.

eBay's third argument is that individualized inquiry is needed to determine which class members are entitled to damages and how much. eBay seems to suggest that damages can only be calculated using an income approach to valuation. The income approach values an asset by "estimating the present value of the expected future cash flows generated by the asset." Prowse Rep. ¶ 51. Under the income approach, the value of lost listing time is calculated as the difference between the expected outcome of an undelayed listing and the expected outcome of a delayed listing. *Id.* at ¶ 54. eBay contends that the income approach cannot be utilized without individualized inquiry because this analysis requires accounting for a large number of factors that influence the price at which an item sells, and "many of these factors are inherently individualized,

are not discoverable on a class wide basis, and an individualized inquiry is necessary to ascertain them." *Id.* at ¶ 56.

Plaintiffs challenge the assumption that damages can only be calculated using the income approach. According to plaintiffs, "[i]rrespective of the impact of lost time on item sales or price, damages can be established as a function of lost time or lost access to the eBay marketplace." Missing Link Case, Reply 15. To calculate damages based on the amount of listing time lost due to delays, one would first determine the percentage of requested time that was lost (length of delay divided by length of chosen listing duration) and then multiply this percentage with the insertion fee paid. For example, if a seller paid a $1.00 insertion fee for a 5-day listing, and the listing was delayed for 1 day, the seller lost 20% of the requested listing time and would receive 20 cents in damages. This methodology allows damages to be calculated on a class-wide basis, without individualized inquiry.

For the most part, the court finds it plausible that damages calculated in this manner could approximate the injury to class members. There is, however, one exception. Where the seller purchased a listing with a "Buy It Now" price and successfully sold the item at the "Buy It Now" price, this methodology would award damages to the seller even though no listing time was actually lost as a result of the delay. Because the "Buy It Now" option allows buyers to purchase an item immediately at the designated price, a listing with a "Buy It Now" option does not come with a set listing duration. Instead, the listing duration selected by the seller is the maximum time that the listing may be available to potential buyers. Even if no delay took place, a "Buy It Now" listing may terminate before the end of the chosen duration, simply because the item sold at the "Buy It Now" price. Thus, plaintiffs' damages methodology, which assumes that bargained-for listing time is lost due to a delay, cannot be applied to "Buy It Now" listings where the item is successfully sold at the "Buy It Now" price. For all other listings, the court finds that plaintiffs have identified a reasonable method for calculating damages on a class-wide basis.

### v. Restitution

"The object of restitution is to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.

4th 1134, 1149 (2003). Accordingly, "a party seeking restitution must generally return any benefit that it has received." *Dunkin v. Boskey*, 82 Cal. App. 4th 171, 198 (2000) (quotations omitted). Moreover, restitution must be "based on a specific amount found owing," and this measurable amount of restitution due must be supported by substantial evidence. *Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663, 699-700 (2006).

eBay argues that restitution cannot be established using class-wide evidence because: (1) individualized inquiry is needed to determine the amount of profit realized from individual listings; and (2) there is no way to quantify the amount of restitution owed to class members. If plaintiffs were to seek return of the entire purchase price as restitution, then it would be necessary to determine the amount of profit, if any, realized from listings since a party seeking restitution must return the benefit that it has received. *Dunkin*, 82 Cal. App. 4th at 198. Alternatively, if plaintiffs seek return of a portion of the purchase price, they must provide substantial evidence quantifying either the dollar amount or percentage of listing fees acquired by means of an illegal practice. It is not sufficient for plaintiffs to simply show that some portion of the listing fees paid by class members may have been acquired by means of an illegal practice. *See Colgan*, 135 Cal. App. 4th at 699-700 (reversing trial court's restitution order as unsupported where plaintiffs' expert testified that fraudulent misrepresentation had a significant impact on consumers but failed to quantify the dollar value of the impact).

Plaintiffs have set forth two theories of restitution: (1) return of all listing fees paid, or at a minimum, the entire insertion fee paid, and (2) recovery for lost listing time as a portion of the insertion fee paid. With respect to this first theory, plaintiffs have not shown why return of the entire insertion fee would be a reasonable measure of the amount of restitution due. As a general matter, plaintiffs do not contend that class members were deprived of the entire listing time requested. Even if listing times were truncated as a result of delays, class members received the benefit of some listing time. Since the purpose of restitution is to return class members to status quo, the amount of restitution due must account for the benefit that class members received, notwithstanding any alleged delay. Plaintiffs have not shown how the amount of profits realized when items were successfully sold could be determined absent individualized inquiry.

Under plaintiffs' second theory of restitution, the amount of restitution owed may be quantified as a function of lost listing time. The amount of restitution due can be measured in the same way damages are calculated – by multiplying the insertion fee paid by the percentage of requested time lost (length of delay divided by length of chosen listing duration). As discussed above, with the exception of "Buy It Now" listings where an item sold at the "Buy It Now" price, this methodology provides a reasonable means for calculating restitution on a class-wide basis without individualized inquiry.

Since there is no need for individualized inquiries into contract interpretation, reliance, consumer status,[2] damages, or restitution, the court concludes that the proposed class is sufficiently cohesive to warrant adjudication by representation, so long as "Buy It Now" listings where the item sold at the "Buy It Now" price are excluded, and plaintiffs' CLRA claim is excluded. With this caveat, the court finds that the predominance requirement has been satisfied.

### b. Superiority

To certify a Rule 23(b)(3) class, the court must find that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In determining whether the superiority requirement has been met, the court must evaluate the available alternative mechanisms for dispute resolution. *Hanlon*, 150 F.3d at 1023. The alternative to a class action is individual claims for a small amount of damages or restitution. Due to the small amount of money at issue, it is unlikely that consumers would find the time, effort, and cost of seeking relief on an individual basis to be worthwhile. If a multitude of individual claims were to be brought, it would also unnecessarily burden the judiciary. When a class action is likely to be difficult to manage due to the need for individualized inquiries, the benefits of considering common issues in one trial can be outweighed by the complexities of class action treatment. *Zinser*, 253 F.3d at 1192. In this case, however, a class action would be manageable since the focus of the litigation would be on common issues. Consequently, the court finds class treatment to be superior to individual adjudications.

---

[2] As noted previously, individualized inquiry into consumer status is necessary for plaintiffs' CLRA claim but not for any of the other asserted claims.

## D. Motion to Strike

Plaintiffs argues that eBay's expert report should be stricken for failure to comply with Federal Rule of Civil Procedure 26(a)(2) and the parties' stipulation regarding deadlines for designation of experts. However, as eBay points out, Rule 26(a)(2) only deals with disclosure of expert witnesses that parties intend to use at trial. Fed. R. Civ. Proc. 26(a)(2). Rule 26(a)(2) does not require advance disclosure of expert witness reports for use in class certification briefing. *Id.* Moreover, the stipulated agreement between the parties only requires *identification* of any experts who will testify in support of or in opposition to class certification and does not require exchange of expert reports before class certification briefing. Ewert Case, Joint Case Management Statement 4. Plaintiffs concede that eBay timely disclosed Dr. Stephen Prowse as its expert witness in accordance with the deadlines set in the parties' stipulated agreement. *See* Ewert Case, Mot. Strike 3; Missing Link Case, Mot. Strike 1.

Plaintiffs contend that eBay's expert witness disclosure was incomplete because Dr. Prowse was designated as a rebuttal witness. According to plaintiffs, since there was no expert testimony for Dr. Prowse to rebut, eBay was precluded from offering any expert report from Dr. Prowse. However, eBay clearly informed plaintiffs that Dr. Prowse's testimony would not be limited to rebutting plaintiffs' expert testimony. *See* Missing Link Case, Boot Decl. Supp. Opp'n Mot. Strike Ex. A.

Plaintiffs also argue that Dr. Prowse's expert report goes to the merits of their claims, which is inappropriate at the class certification stage. To the extent that Dr. Prowse's expert report addresses issues going to the merits of plaintiffs' claims, the court has disregarded his findings. Because the expert report also addresses issues pertinent to class certification, the court declines to strike eBay's expert report in its entirety.

## III. ORDER

For the foregoing reasons, the court certifies a class action for plaintiffs' breach of contract, UCL, and FAL claims, with the following class definition:

> All eBay customers, beginning April 20, 2003, who advertised a listing for sale on eBay.com using the Sell Your Item form and using the "start listing when submitted" default selection for listing start time. Excluded from the class are: (a) claims based

on listings with the "Buy It Now" option where the item was sold at the "Buy It Now" price; (b) defendant eBay and its subsidiaries, affiliates, officers, directors, agents, and employees; (c) any governmental entity; (d) any judge or judicial officer presiding over this matter and his or her immediate family members; (e) claims for personal injury and wrongful death; and (e) any and all legal representatives of the parties and their employees.

The court denies class certification of plaintiffs' CLRA claim and denies plaintiffs' motion to strike eBay's expert report. The court orders the parties to show cause as to why the Missing Link Case and the Ewert Case should not be consolidated. The court also orders that the designation of class counsel be determined at that same hearing. Accordingly, the court denies without prejudice Ewert's motion to appoint his counsel as class counsel. Pending the hearing, the existing counsel may serve as temporary co-class counsel. However, it is likely that the court will appoint only one firm as counsel for the class. The hearing on the question of consolidation and appointment of class counsel will be held on November 5, 2010 at 9:00 a.m. The parties may each file a brief not to exceed fifteen pages in length setting forth their positions on consolidation and appointment of lead counsel by October 15, 2010 and a responsive brief not to exceed five pages by October 22, 2010.

The court does not believe that anything in this order reveals confidential information. However, in an abundance of caution, the court is publicly filing a redacted version, with small portions of the order relating to subject matter that the parties have sought to keep under seal redacted. The court has also lodged an unredacted copy of this order today. If the parties feel that the redacted portion discloses confidential information, they may advise the court of their basis for asserting confidentiality within 10 days. The court will evaluate any such confidentiality contention and make a decision whether to maintain the current redaction or to publicly file an unredacted order. If a request to maintain the confidentiality of the redacted portion is not received within 10 days, the court will publicly file an unredacted copy of this order.

DATED: 9/30/10

/s/ Ronald M. Whyte
RONALD M. WHYTE
United States District Judge

ORDER GRANTING MOTIONS FOR CLASS CERTIFICATION, DENYING MOTION TO APPOINT CLASS COUNSEL, AND DENYING MOTIONS TO STRIKE —No. C-07-02198 RMW C-07-04487 RMW
CCL
20