**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MICHAEL EWERT, on behalf of himself and for the Benefit of all with Common General Interest, any Persons Injured, and all others similarly situated, | No. 12-17251 |
| | D.C. No. 5:07-cv-02198-RMW |
| Plaintiff - Appellant, | |
| v. | MEMORANDUM* |
| eBAY, INC., | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted December 12, 2014
San Francisco California

Before: TASHIMA and PAEZ, Circuit Judges, and BLOCK, Senior District
Judge.**

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Frederic Block, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

Plaintiffs, users of the online marketplace eBay.com, alleged claims for breach of contract and violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, and False Advertising Law ("FAL"), *id.* § 17500, against defendant eBay, Inc. ("eBay"). Plaintiffs alleged that the delays between the time an eBay seller posts an item and the time that item's listing appears in search results constituted a breach of the User Agreement and violated the UCL and the FAL. They proposed as their theory of damages a "pro rata refund" of the fees sellers pay to list their items, prorated to the proportion of listing time lost to delay. Plaintiffs also alleged that eBay breached its User Agreement with sellers of renewable, "Good 'Til Cancelled" ("GTC") listings by raising fees for existing listings.

Plaintiffs appeal the district court's grant of summary judgment in favor of eBay on all claims arising from the alleged search delays. They also appeal the district court's ruling granting eBay's motion to dismiss the GTC listing claims under Federal Rule of Civil Procedure 12(b)(6) and denying plaintiffs' request for leave to amend.

We review de novo the district court's grant of summary judgment and its grant of eBay's motion to dismiss. *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1014 (9th Cir. 2000); *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir.

2

2005).  We review the district court's denial of leave to amend for abuse of

discretion.  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

     **1.**     The district court did not err when it granted eBay's motion for

summary judgment on plaintiffs' breach of contract claim.  Summary judgment is

proper only when, "viewing the evidence in the light most favorable to the

nonmoving party, there are no issues of material fact and the trial court correctly

applied the substantive law."  *Aguilera*, 223 F.3d at 1014.  A court may grant

summary judgment when the nonmoving party fails "to make a sufficient showing

on an essential element of [its] case with respect to which [it] has the burden of

proof."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

     In support of its motion for summary judgment, eBay presented an expert

report to show that plaintiffs could not meet their burden to establish a class-wide

approximation of damages.  When damages are an essential element of the

plaintiffs' claim, failure to "offer competent evidence of damages" supports a grant

of summary judgment.  *Weinberg v. Whatcom Cnty.*, 241 F.3d 746, 751-52 (9th

Cir. 2001) (granting defendant's motion for summary judgment because plaintiff

"failed to offer any evidence establishing the amount of damage he suffered").

Here, although plaintiffs argue that a pro rata refund is a viable theory under

certain circumstances, *see Ammari Elecs. v. Pacific Bell Directory*, Nos. A126326, A126786, 2011 WL 5547588, at *3 (Cal. Ct. App. Nov. 15, 2011), they failed to present any evidence demonstrating the viability of a pro rata refund in an auction-style online marketplace context. We thus agree with the district court that plaintiffs failed to present evidence showing that a pro rata refund is a reasonable estimate for computing damages. *See Acree v. Gen. Motors Acceptance Corp.*, 92 Cal. App. 4th 385, 398 (2001) ("The law requires only that some reasonable basis of computation be used.").

The district court also properly granted summary judgment on plaintiffs' claims for equitable relief under the UCL and FAL, Cal. Bus. & Prof. Code §§ 17200, 17500. Rather than seeking equitable relief in the form of an injunction on their UCL and FAL claims, plaintiffs sought monetary restitution under the same pro rata refund theory. Unlike damages, restitution is designed "to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003). However, a restitution award under the UCL and FAL "must be supported by substantial evidence." *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 700 (2006). On summary judgment, eBay offered evidence through its expert that a pro rata refund was an improper measure of restitution, and plaintiffs failed

4

to counter eBay's evidence with any evidence of their own.  Without such evidence, plaintiffs have not demonstrated a factual basis supporting an award of restitution under their pro rata theory.

      2.      The district court properly granted eBay's motion to dismiss plaintiffs' GTC listing claims pursuant to Rule 12(b)(6).  To prevail in a breach of contract suit, a plaintiff must allege all the elements of the claim, including defendant's breach of a contract term. *See Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal. App. 4th 1602, 1614 (2011).  Here, the GTC plaintiffs failed to identify a provision in the User Agreement that either expressly prohibited eBay from increasing its fees or created an exception to the general rule set forth in the User Agreement that eBay could raise fees with proper notice. *See Kashmiri v. Regents of the Univ. of Cal.*, 156 Cal. App. 4th 809, 821, 839 (2007).

      Nor did the district court abuse its discretion when it denied the GTC class leave to amend its complaint to add equitable claims under the UCL and FAL.  A court may deny leave to amend due to futility or legal insufficiency if the amendment would fail a motion to dismiss under Rule 12(b)(6). *See Miller*, 845 F.2d at 214.  Because the district court correctly determined that plaintiffs had failed to allege breach of an express contract term, their state law claims would have been subject to dismissal under Rule 12(b)(6) for lack of a predicate injury.

**AFFIRMED.**

### United States Court of Appeals for the Ninth Circuit

**Office of the Clerk**
95 Seventh Street
San Francisco, CA 94103

### Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36.  Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise.  To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing  (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

**(1)   A.   Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  - ► A material point of fact or law was overlooked in the decision;
  - ► A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - ► An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B.   Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

> ► Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
> ► The proceeding involves a question of exceptional importance; or
> ► The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2)  Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment.  Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment.  Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication.  9th Cir. R. 40-2.

**(3)  Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist.  The points to be raised must be stated clearly.

**(4)  Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms.*
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

## Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)

- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms.*

## Attorneys Fees

- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

## Petition for a Writ of Certiorari

- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

## Counsel Listing in Published Opinions

- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ► Thomson Reuters; 610 Opperman Drive; PO Box 64526; St. Paul, MN 55164-0526 (Attn: Jean Green, Senior Publications Coordinator);
  - ► and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

Form 10. Bill of Costs .................................................................................................... *(Rev. 12-1-09)*

## United States Court of Appeals for the Ninth Circuit

## BILL OF COSTS

This form is available as a fillable version at:
*http://cdn.ca9.uscourts.gov/datastore/uploads/forms/Form%2010%20-%20Bill%20of%20Costs.pdf*.

*Note:* If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with 9th Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and 9th Circuit Rule 39-1 when preparing your bill of costs.

[　　　　　　　　　] v. [　　　　　　　　　] 9th Cir. No. [　　　　]

The Clerk is requested to tax the following costs against: [　　　　　　　　　]

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, 9th Cir. R. 39-1 | REQUESTED *(Each Column Must Be Completed)* | | | | ALLOWED *(To Be Completed by the Clerk)* | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST |
| **Excerpt of Record** | | | $ | $ | | | $ | $ |
| **Opening Brief** | | | $ | $ | | | $ | $ |
| **Answering Brief** | | | $ | $ | | | $ | $ |
| **Reply Brief** | | | $ | $ | | | $ | $ |
| **Other**** | | | $ | $ | | | $ | $ |
| | | | **TOTAL:** | $ | | | **TOTAL:** | $ |

\* *Costs per page*: May not exceed .10 or actual cost, whichever is less. 9th Circuit Rule 39-1.

\*\* *Other*: Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to 9th Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

Attorneys' fees **cannot** be requested on this form.

*Continue to next page*

**Form 10. Bill of Costs -** *Continued*

I, [                    ] , swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature [                    ]

("s/" plus attorney's name if submitted electronically)

Date [                    ]

Name of Counsel: [                    ]

Attorney for: [                    ]

*(To Be Completed by the Clerk)*

Date [                    ]          Costs are taxed in the amount of $ [                    ]

Clerk of Court

By: [                    ] , Deputy Clerk